IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

DARREN E. WALKER, #1132401 §
                               §
V.                            §      CIVIL ACTION NO. G-06-541
                               §
NATHANIEL QUARTERMAN, Director §
Department of Criminal Justice, §
Correctional Institutions Division §

## REPORT AND RECOMMENDATION

Before the Court is the application of Darren E. Walker for the issuance of a writ of habeas corpus. Walker challenges Disciplinary Case No. 20060262863, in which he was found guilty of masturbating in public.  Punishment consisted of a loss of forty-five days commissary privileges, thirty days of cell restriction, thirteen days of solitary confinement, a reduction in time-earning class status from S-2 to L-1 and a loss of sixty days good-time.  Having reviewed Walker's Petition and a complete copy of the disciplinary record provided by the Texas Attorney General's Office via a *Martinez* report, this Court makes the following recommendation to the District Judge.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. §2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In this case,  Petitioner alleges that his rights to due process were violated in the above-stated disciplinary proceeding.

In the offense report, the charging officer, Moffett, states that during a security check and count, she saw Petitioner's light on in his cell.  When she turned around she saw Petitioner masturbating "on me."  Petitioner alleges that he was applying cream prescribed by medical providers at the Wayne Scott unit, for jock itch.  The hearing record reflects, however, that per a telephone conversation with Officer Pena in medical records, a cream had been prescribed for

Petitioner's dry, cracked feet, but nothing had been prescribed for jock-itch, nor had Petitioner ever complained of jock-itch. The charging officer further testified that Petitioner repeatedly tried to apologize and "she ordered him not to come near her because she did not want to talk to him."

Petitioner exhausted the disciplinary appeal process. The response to Petitioner's appeals states that the disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence" as shown by the charging officer's report and testimony at the hearing.

A temporary loss of privileges and brief confinement in solitary or cell restriction do not pose atypical or significant hardships beyond the ordinary incidents of prison life. These are merely minimal and temporary changes in conditions of confinement and do not, therefore, implicate the protections afforded by the Due Process Clause. *See Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997). A claim for a reduction in time-earning class status also fails to qualify for federal habeas relief as the subsequent possible loss of "the mere opportunity to earn good-time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott,* 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996). The possibility that the reduction in Petitioner's time-earning class status would affect his ultimate release date from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472 (1995)). "These are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Madison*, 104 F.3d at 767-68. A loss of good-time days, however, which may be used to determine a prisoner's eligibility for early release from prison, does constitute a potential challenge to the fact and duration of confinement and is properly considered a habeas corpus attack. *See* TEX.CODE. CRIM.P.ANN.art. 42.18 §8 (Vernon 1996); *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.* 37 F.3d 166, 168 (5th Cir. 1994). In this disciplinary

2

case, however, a review of Petitioner's disciplinary records reveals that all due process requirements were completely met.

It is a well-settled principle of law that prison disciplinary proceedings do not form part of a criminal prosecution and, therefore, "the full panoply of rights due a defendant in such proceedings" does not apply. *Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). In *Wolff,* the Supreme Court set out the minimum standards for due process in disciplinary cases which result in the loss of good-time credits. They include: (1) advanced written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and, (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.,* at 563-567. When reviewing a prison disciplinary decision, "the standard to be applied is whether or not the actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981), *cert. denied*, 455 U.S. 992 (1982)(citing *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979)). "The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995). "[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Superintendent v. Hill,* 472 U.S. 445, 455 (1985). As noted by the Supreme Court, ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. In other words, if there are "some facts" or is "any evidence at all" that support(s) the action taken by prison officials, the decision must be upheld on federal habeas review. *See Banuelos*, 41 F.3d at 234; *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). As noted by the Fifth Circuit in *Reeves v. Pettcox*, 19

F.3d 1060, 1062, n.1 (1994), the court may act only where arbitrary or capricious action is shown. This means that prison disciplinary proceedings will be overturned only where there is *no evidence, whatsoever*, to support the decision of the prison officials.  A *de novo* factual review is not required. *Smith,* 659 F.2d at 545; *Stewart v. Thigpen*, 730 F.2d 1002, 1005-06 (5th Cir. 1984).

Per the requirements of *Wolff*,  Petitioner received more than twenty-four hours notice of his hearing, was provided with an opportunity to call witnesses and present non-frivolous evidence, and was provided with a written statement of the evidence relied upon and the reason for the disciplinary action.  The disciplinary hearing officer based his finding of guilt on the charging officer's report and testimony at the disciplinary hearing.  Due process was satisfied in that the findings made in the disciplinary hearing were supported by more than "some evidence." *Hill*, 472 U.S. at 457.  The Supreme Court has recognized that "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.*  In this instance, the conclusion of the disciplinary committee is supported by the evidence.

Official TDCJ-ID records are entitled to a presumption of regularity and must be accorded great evidentiary weight.  *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974), *cert. denied*, 421 U.S. 918 (1975);  *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985); *Bonrillain v. Blackburn,* 780 F.2d 1248, 1250 (5th Cir. 1986).  Under 28 U.S.C. §2254(d), the findings made by the state court system shall be "presumed to be correct," unless the habeas court concludes that the relevant state court determination is not "fairly supported by the record." *Sumner v. Mata*, 449 U.S. 539, 550 (1981). The findings may be found through an evidentiary hearing, or may be based on a "written finding, written opinion, or other reliable and adequate written indicia," *Buxton v. Lynaugh*, 879 F.2d 140 (5th Cir. 1989), *cert. denied,* 497 U.S. 1032 (1990), where, as in the instant case, the habeas applicant and the State or its agent are parties to the proceeding.

Presuming the factual correctness of the record, this Court is of the opinion that the disciplinary proceeding for case no. 20060262863 afforded Petitioner the due process to which he was entitled, consistent with the requirements of due process in the prison context. *See Wolf*, 418 U.S. at 563-66; *Banuelos*, 41 F.3d at 234.  The finding of guilt is supported by more than some evidence in the record; thus, the Court must uphold the administrative decision.

Accordingly, for the aforementioned reasons, it is the **RECOMMENDATION** of this Court that this cause be **DISMISSED with prejudice**.

The Clerk shall send a copy of this Report and Recommendation to the Petitioner, who shall have until **December 11, 2006,** in which to have written objections physically on file in the Office of the Clerk.  **The objections shall be mailed to the Clerk's Office in Galveston, Texas 7753 at  P.O. Drawer 2300.**  Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___21st___ day of November, 2006.

_____
John R. Froeschner
United States Magistrate Judge